Merrimack,
No. 4466.

LOUIS C. WYMAN, *Attorney General*

*v.*

HUGO DEGREGORY.

Argued January 30, 1956.

Decided March 29, 1956.

164

*Louis C. Wyman,* Attorney General (by brief and orally), *pro se.*

*James C. Cleveland* (by brief and orally), specially for De-Gregory.

LAMPRON, J.   Article 15, Part I, of the Constitution of New Hampshire provides that "no subject shall . . . be compelled to accuse or furnish evidence against himself." This provision, commonly called the privilege against self-incrimination, is similar in nature to the Fifth Amendment to the Constitution of the United States which provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." Like the latter it applies to an investigation by a legislative committee such as is the case here. *Quinn* v. *United States,* 349 U. S. 155; *United States* v. *DiCarlo,* 102 F. Supp. 597; *Cabot* v. *Corcoran,* (Mass.) 123 N. E. (2d) 221; McCormick, Evidence, 259.

This privilege prevents a witness from being compelled to speak about an offense for which he could be criminally punished. 8 Wig. Ev. (3rd *ed.*) *s.* 2281. It follows therefore that if at the time of the claim of privilege, the liability of the witness to be convicted of the offense inquired about has been terminated, because of an acquittal, prior conviction, pardon or otherwise, the privilege does not exist for such conduct. McCormick, Evidence, 284. The purpose of legislation such as Laws 1955, *c.* 312, commonly called immunity statutes, is to remove the criminality of the offense inquired about; and because the privilege protects only against legal consequences of conduct, these consequences lacking, the privilege does not exist for such conduct. *Ullmann* v. *United States,* 76 S. Ct. 497 (March 26, 1956). 8 Wig. Ev. *supra.*

Although chapter 312, does not expressly provide for notice to a witness before immunity is granted to him it is DeGregory's position that the Legislature must have intended that notice be given.

The Attorney General in a report transmitted to the Legislature January 5, 1955 (Attorney General's Report on Subversive Activities N. H. 1955) recommended that it enact a law including "authority in the Attorney General to grant immunity to a witness when he finds such a grant of immunity to be in the public interest." The report also contained a draft of such recommended legislation. A bill incorporating said proposal was introduced in the Legislature and failed to be adopted. Later in the same session chapter 312 was enacted into law.

The bill recommended by the Attorney General and defeated

by the Legislature and Laws 1955, *c.* 312 contained identical language as to the grant of immunity except in the following respect. The former provided that no witness shall be excused from giving his testimony upon the ground such evidence could tend to incriminate him "provided that upon claim of privilege against self-incrimination, the attorney general has adjudged the testimony of such witness . . . to be necessary in the public interest confirmed by him in a written communication to the witness." Chapter 312 requires the testimony "provided that upon claim of privilege against self-incrimination, on relation of the attorney general, any justice of the superior court has adjudged the testimony of such witness . . . to be necessary in the public interest confirmed by such Justice in a written communication to the witness." The only changes made in their language were those necessary to substitute a Justice of the Superior Court for the Attorney General as the official who was to grant immunity.

In our opinion it cannot be convincingly contended that a notice and hearing were contemplated in the bill proposed by the Attorney General. We cannot perceive from the minor variations therefrom made in the language of chapter 312 any intention on the part of the Legislature to make any changes in that respect.

The Journal of the Senate (Monday July 25, 1955) states that at a public hearing on Senate Bill No. 129 (Laws 1955, *c.* 312) "The Attorney General . . . pointed out that probably before the superior court would order anybody to testify who had claimed their constitutional privilege there would be some sort of hearing before the superior court." This bill required that a witness would have to testify "provided that . . . on relation of the attorney general, any justice of the superior court has adjudged the testimony of such witness . . . to be necessary in the public interest." This obviously necessitated some communication between the Attorney General and a Justice of the Superior Court to acquaint the latter with the facts. This could be the "sort of a hearing" referred to by the Attorney General.

It has also been a long time practice in our Superior Court, where most of its proceedings require a notice such as or similar to that provided in RSA 514:14 and a hearing (*DiPietro* v. *Lavigne,* 98 N. H. 294, 295), that the decision of the court which follows is reduced to writing and a written notification sent by the clerk to the parties involved or their counsel. If the usual Superior Court procedure were intended here it is difficult to explain the need of

the provision in chapter 312, that the decision of the Justice be "confirmed by such justice in a written communication to the witness." This tends to indicate that the Justice's decision was intended to be made otherwise than by the normal legal procedure of prior notice and hearing and that when he had adjudged that the testimony of the witness was necessary in the public interest he was to communicate his decision in writing to the witness. *Cf. Governor & Council* v. *Morey,* 78 N. H. 125.

After having considered the wording of said chapter 312 and its legislative history we are of the opinion that the Legislature did not intend that a notice and hearing be given to a witness before a grant of immunity was made.

The witness has appeared specially and this decision is limited to the issue of statutory construction raised by him. The constitutionality of the statute has not been decided.

*Exception overruled.*

All concurred.