## JAMES HAINESWORTH *v.* STATE OF MARYLAND

[No. 104, September Term, 1969.]

*Decided March 2, 1970.*

32

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert J. Yerman* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Gerald A. Kroop, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, James Hainesworth, was convicted of assault with intent to murder and robbery with a deadly weapon in a non-jury trial in the Criminal Court of Baltimore. Consecutive ten year sentences were imposed.

The record discloses that at approximately 6:00 p.m. on December 15, 1967, a robbery occurred at a food store in a Northwest Baltimore shopping center. Officer Richard T. Webb and Officer Charles Schubert, who were in the rear of the shopping center in their patrol car, were notified that the holdup was in progress. While Officer Schubert entered the rear of the food store, Officer Webb went through another store and emerged on the sidewalk near the front of the store being robbed. He was confronted at that time by a man who had "his left hand on the front door of the Acme" and who, upon seeing the officer, "raised his right hand and started shooting." Officer Webb, who was struck in the chin and shoulder by gunfire, positively identified appellant, both at a pre-trial lineup and on the witness stand, as his attacker.

On September 18, 1968, the second day of appellant's trial, the State concluded its case in chief. At that time the following dialogue transpired between the trial judge and counsel for appellant:

"THE COURT: Now, as I understand it, Mr. Allen, you have asked for a continuance of this matter for two weeks to give you an opportunity to secure some witnesses who are supposedly in Delaware?

MR. ALLEN: Yes, your Honor.

THE COURT: Whose names and addresses you do have?

MR. ALLEN: Yes, sir.

THE COURT: All right. This is an extremely serious case, as you know—

MR. ALLEN: I know.

THE COURT: —and obviously, I want to be as fair to the defendant as I can.

MR. ALLEN: Yes, sir.

THE COURT: We will grant a two-week postponement. The understanding, however, will be that the case will have to be tried—

MR. ALLEN: Yes, sir.

THE COURT: —at that time.

MR. ALLEN: Yes, sir.

THE COURT: And we will dispose of it promptly thereafter.

MR. ALLEN: I will be able to get it done by that time, your Honor. Thank you very much."

Although a two-week postponement was granted, appellant's trial did not resume until November 15, eight weeks and two days later. Three alibi witnesses called by appellant upon resumption of the trial testified that he was in a tavern in the vicinity of the food store making a telephone call at the time of the robbery and the shooting. Appellant then took the witness stand in his own behalf and denied any complicity in the crime. The names of three additional witnesses were announced but none of the witnesses were present in court. Counsel for appellant stated that "two of the missing witnesses are witnesses that I consider important," his explanation being that the two witnesses would further substantiate appellant's alibi. The court, noting that bench warrants had been issued for the missing witnesses, pointed out to counsel for appellant "that it is your responsibility to produce them not ours, and you have had quite some time." No formal motion for a continuance was made by appellant but the trial judge adjourned court until after the luncheon recess in order to allow appellant additional time to locate the witnesses.

Having been unable to produce the witnesses, counsel for appellant proffered the testimony of the two missing alibi witnesses and that of a police lieutenant who had interviewed the victim of the robbery. The State did not stipulate to the truth of the proffered evidence nor to the fact that the witnesses would so testify if called, but did not object to the court's consideration of it for purposes of substantiating the testimony of the three alibi witnesses who had testified earlier.

In this setting, appellant contends that he was "denied his constitutional rights by not having the court enforce the presence of three key witnesses." He argues that an accused is not afforded his right to "process for his own witnesses" under Art. 21 of the Maryland Declaration of Rights, unless the "attachment" procedures for securing the presence of absent witnesses under Md. Code, Art. 35, § 14, are enforced by the trial judge. The statute provides in part: "Whenever any witnesses shall be summoned to attend any of the courts of this State and shall, without sufficient excuse, neglect to appear, he may be attached and fined by the court. . . ."

While it is true that upon a showing of proper circumstances by an accused, a trial may be delayed to allow him more time to produce the witnesses whose testimony is believed to be essential to the defense, *Blount v. Warden,* 189 Md. 294, this is a matter within the sound discretion of the trial court. An accused does have a right under Article 21 "to have process for his own witnesses." Such right is satisfied, however, when the witnesses are summoned. The provision carries with it no guarantee of the actual attendance of witnesses at trial. *Edmondson v. Warden,* 188 Md. 96; *Battee v. Warden,* 191 Md. 751. Moreover, it is to be noted that the General Assembly, by its use of the word "may" in the statute, made clear its intent that the exercise of the authority conferred upon the court to attach and fine a recalcitrant witness was discretionary, not mandatory.

This is not to say that an accused's constitutional rights may never be abridged by a court's refusal to grant

a continuance for the purpose of procuring witnesses since it is clear that an accused may be denied a fair trial, to which he is constitutionally entitled, where the trial court's refusal to grant the continuance amounts to a clear abuse of its discretion in the matter. We have consistently held, however, that in order to show an abuse of that discretion it is incumbent upon an accused who seeks such continuance to show that the testimony of the absent witness was competent and material; that the case could not be properly tried without such evidence; that he had made diligent and appropriate efforts to procure the witness; and that he had reasonable expectation of procuring the attendance of the witness in court within some reasonable time. *Nichols v. State,* 6 Md. App. 644; *Clark v. State,* 6 Md. App. 91. The circumstances of each particular case must be looked at to ascertain whether the lower court's action amounted to an abuse of discretion. *Walter v. State,* 4 Md. App. 373.

Here the lower court had granted a continuance for eight weeks to enable appellant to produce the additional witnesses and a bench warrant had been issued for their appearance. Moreover, the appellant had made no showing that he had any reasonable expectation of securing the missing alibi witnesses within some reasonable period of time. In any event, the court had before it the proffered testimony of the absent witnesses. Under these circumstances, we find that the trial court did not abuse its discretion by refusing to grant an additional postponement pending enforcement of the attachment procedures under Md. Code, Art. 35, § 14. Nor did such action, in our opinion, constitute an invasion of appellant's constitutional rights.

*Judgments affirmed.*