Merrimack
No. 7632

STATE OF NEW HAMPSHIRE

v.

TEX WHITING

September 30, 1977

*David H. Souter,* attorney general, and *Richard B. Michaud,* attorney (*Mr. Michaud* orally), for the state.

*Leonard J. Merski,* of Concord, by brief and orally, for the defendant.

GRIMES, J. The question in this rape case is whether certain statements of the prosecutor denied defendant due process by coercing defendant's witnesses into not testifying.

Defendant was indicted for rape and was convicted on May 13, 1976. He thereafter filed a motion for a new trial based in part on the allegation that certain alleged eye witnesses, George and Richard Place, whom he had expected to testify in his behalf, were induced to assert their privilege against self-incrimination and refused to testify by threats to prosecute them for perjury if their testimony differed from their previous statements. The motion was denied and defendant's exception was transferred by *Keller,* C.J.

It appears that the prosecutor had subpoenaed at least one of the Place boys to be a witness for the state based on his prior statement and that it was only when he met George Place at the courthouse that he discovered that Place intended to testify for the defendant. The prosecutor therefore did not call him to the stand.

At the close of the state's case, defense counsel made an opening statement in which he stated that he would produce two witnesses, George and Richard Place, who were present at the time of the alleged offense. The court thereafter excused the jury and instructed the prospective witnesses of their right against self-incrimination. They consulted with an attorney who had been asked by the clerk of the court to talk with them.

The attorney talked with the prosecutor who told him he had statements from the two Place brothers and that if their testimony "was substantially at variance with the statements," he would take some appropriate action depending on what the testimony was. The lawyer in discussing the situation with the Place boys and their parents told them that their intended testimony was "rather incredible" in that it claimed that agents of the state had "virtually

extorted" the prior statements from them and that there was a possibility that if they testified as they intended, they would be charged with perjury. He told them further that even if their proposed testimony was in fact true, they still might be charged with perjury depending on the prosecutor's decision. He advised them of their right against self-incrimination and urged them to consult with their own independent lawyer.

■ At the hearing on the motion, the lawyer who had advised the Place boys told the court that he did not think there had been any undue influence exerted by the state. It is true that under N.H. Const. pt. I, art. 15 a defendant has a "right to produce all proofs that may be favorable to himself." Witnesses, however, have a right against self-incrimination and it was perfectly proper for the court to advise them of that right and to give them an opportunity to consult with a lawyer before taking the stand.

■ It was in the course of obtaining the assistance from a lawyer that the witnesses learned of the possibility of perjury charges if their testimony differed from their signed statements. This possibility would be obvious to the lawyer who was advising them in view of the direct conflict between the statements previously given and their intended testimony. There was therefore a good reason to advise them of that possibility. The information given the lawyer assisting the Place boys regarding the prior statements was proper and necessary to his understanding of the facts, and a finding that the prosecutor exerted undue influence by threats of perjury charges was certainly not compelled.

This case differs greatly from *Webb v. Texas*, 409 U.S. 95 (1972), where it was held that the defendant had been denied his right to produce evidence in his behalf and due process because the trial judge singled out a defense witness and warned him that he would face the possibility of a perjury charge if he testified falsely. In that case, the judge himself, in his overpowering position, by the use of strong and threatening language, induced the defense witness to refuse to testify. In *Webb* it does not appear that there were any prior statements which were known to be completely opposite to the testimony the witness intended to give and there was no justification for the threatening language of the court. In fact in the case before us the court did not mention the possibility of perjury charges to the witnesses but only properly advised them of their right against self-incrimination.

Defendant claims further that he was prejudiced by the timing of the refusal to testify because he had just made an opening statement in which he stated that the Place boys would testify and gave a summary of their expected testimony.

 However defendant's counsel knew before his opening statement was made that there might be a problem and he had in fact told the witnesses of their fifth amendment right and expected the court to do so. In fact he may have expected some tactical advantage by telling the jury what he expected them to say and then to argue, as he did, that the state had subpoenaed them but had not called them and that the defense "would have liked to have placed him on the stand and also the second witness but they were afraid to testify." Having made the election he did, he cannot now complain.

*Exception overruled.*

All concurred.