Hillsborough
No. 78-062

### THE STATE OF NEW HAMPSHIRE

v.

### FRANCIS N. TAYLOR, JR.

December 20, 1978

*Thomas D. Rath*, attorney general (*Richard B. McNamara*, assistant attorney general, orally), for the State.

*Eaton, Moody, Solms & Carroll*, of Manchester (*Douglas A. McIninch* orally), for the defendant.

LAMPRON, C.J.    The issue presented by this case is whether the defendant's constitutional rights were violated by the trial court's refusal to grant him a trial continuance until an accomplice could be compelled to testify. For the reasons elaborated upon below, we hold that there has been no abridgment of any of defendant's rights.

The defendant is under indictment for kidnapping and aggravated felonious sexual assault ·on a seventeen-year-old Manchester girl. At trial he intends to raise the defense of consent and his only witness to corroborate this defense, Alvah Goodwin, was convicted as an accomplice to these crimes and has appealed to this court. *See State v. Goodwin*, 118 N.H. 862, 395 A.2d 1234 (1978). Mr. Goodwin had given notice that, if called as a witness, he would claim his fifth amendment privilege and refuse to testify until his appeal has been exhausted.

The Superior Court (*Bean*, J.) initially granted the defendant's motion for a continuance of his trial until such time as Mr. Goodwin was willing to testify. After a rehearing, the court modified the continuance decree and ordered a trial to be scheduled. The defendant challenges the denial of his continuance as an abuse of the judge's discretion. Specifically, he claims that the denial deprived him of certain federal and state constitutional rights.

The defendant bases his appeal on the sixth amendment to the Federal Constitution and on part I, article 15 of the New Hampshire Constitution. The sixth amendment guarantees the accused "compulsory process for obtaining witnesses in his favor." Article 15 gives the criminal defendant "a right to produce all proofs that may be favorable to himself . . . and to be fully heard in his defense, by himself, and counsel." Defendant argues that these provisions grant him the right to present all his witnesses and all competent evidence. Because the main witness, if called while his rights of appeal are not exhausted, will refuse to testify, defendant claims that the continuance infringes on this right. According to the defendant, he would be unable to present all of his evidence. Since the court cannot require the witness to forego his fifth amendment rights, the defendant argues that the court should avoid a conflict between the competing rights of the witness and the defendant by postponing the trial until the witness is willing to testify.

The defendant misplaces his reliance on *Washington v. Texas*, 388 U.S. 14 (1967), to establish a sixth amendment right to his witness' testimony. In *Washington v. Texas*, the Supreme Court recognized that the compulsory process clause was included in the Constitution to limit the common-law restrictions on defense witnesses. *Id.* at 21; *see* Westen, *The Compulsory Process Clause*, 73 Mich. L. Rev. 71, 112 (1974). The Court used the clause to strike down a Texas statute disqualifying a codefendant from appearing as a defense witness. The Court, however, pointed out that "[n]othing in this opinion should be construed as disapproving testimonial privileges, such as the privilege against self-incrimination. . . ." *Washington v. Texas*, 388 U.S. at 23 n.21.

■■ Contrary to the defendant's assertion, the Court did not interpret the compulsory process clause to guarantee that the trier of fact will hear the witness' testimony. The Supreme Court narrowly construed the compulsory process clause to give a defendant the right to produce witnesses, not to produce their testimony. *See, e.g., United States v. Barker,* 553 F.2d 1013, 1022 (6th Cir. 1977); *Hainesworth v. State,* 9 Md. App. 31, 35, 262 A.2d 328, 330 (1970); *Varela v. State,* 561 S.W.2d 186, 188 (Tex. Crim. App. 1978). The witness may still invoke a constitutional privilege or have his testimony excluded on evidentiary grounds. *See, e.g., Roznovsky v. Estelle,* 546 F.2d 1185, 1187 (5th Cir. 1977); *Holloway v. Wolff,* 351 F. Supp. 1033, 1038 (D. Neb. 1972); *People v. Supia,* 41 N.Y.2d 160, 164–65, 359 N.E.2d 688, 691, 391, N.Y.S.2d 93, 96 (1976). Consequently, Mr. Goodwin's exercise of his fifth amendment privilege against self-incrimination in the present case would not deprive the defendant of his sixth amendment compulsory process rights. *See State v. Farrow,* 118 N.H. 296, 386 A.2d 808 (1978).

■ Neither does part I, article 15 of the New Hampshire Constitution give any further guarantee that a witness will testify. A defense witness' use of the fifth amendment privilege does not violate the right of the accused "to produce all proofs that may be favorable. . . ." *See State v. Whiting,* 117 N.H. 701, 703, 378 A.2d 736, 737 (1977). The defendant argues that the court can only reasonably interpret the clause in article 15 that the accused "be fully heard in his defense, by himself, and counsel" as a guarantee that his witness actually testify. The effect of such an interpretation would violate other constitutional privileges and evidentiary exclusion rules. Article 15, like the compulsory process clause, only requires that the court grant the defendant the right to call witnesses and give him the power to compel their attendance. The defendant's rights under the New Hampshire Constitution would therefore not be deprived if Mr. Goodwin refuses to testify when he takes the witness stand.

Since there is no conflict between these constitutional provisions, the case must be viewed only as one in which a criminal defendant has requested a continuance in order to secure a witness' testimony. It is true, as the defendant contends, that Mr. Goodwin's fifth amendment right from self-incrimination will end at some point after his conviction. *Wyman v. DeGregory,* 100 N.H. 163, 165, 121 A.2d 805, 807 (1956). Whether that point is immediately after conviction, subsequent to sentencing or subsequent to final appellate dispositions, however, has not been determined by this court or by many other courts. *See* C. McCormick, Evidence § 121 (2d ed. 1972).

Whether a continuance should be granted is within the sound discretion of the trial judge, the exercise of which we will interfere with only if abused. *State v. Spade*, 118 N.H. 186, 190, 385 A.2d 115, 117 (1978); *State v. Linsky*, 117 N.H. 866, 879, 379 A.2d 813, 822 (1977). The trial judge in this case had no way of knowing when the witness' fifth amendment rights would be terminated. Even after those rights have been terminated, the witness may refuse to testify and be willing to suffer the consequences. Therefore, we cannot say that the judge abused his discretion. The order must be upheld.

*Exception overruled.*

GRIMES, J., did not sit; DOUGLAS, J., concurred; and BROCK, J., concurred in the result.

DOUGLAS, J., concurring: The language in this opinion sweeps far too broadly for me. I now feel N.H. Const. pt. I, art. 15 requires more than merely the physical presence of a defense witness in a courtroom. However, in this case the testimony desired is from a codefendant and for that reason only I concur in the result.