Auburn District Court
No. 81-057

## THE STATE OF NEW HAMPSHIRE & a.

v.

## JOHN HUNT AND JAMES E. THOMPSON

January 20, 1982

*Gregory H. Smith*, attorney general (*Brian T. Tucker*, attorney, on the brief), by brief for the State.

*Bernard J. Robertson*, of Exeter, by brief for the defendants.

PER CURIAM. The defendants, who were convicted of assault and criminal trespass, appeal to this court, claiming that it was error for the Trial Court (*Patryn*, S.J.) not to allow them to interrogate one Stephen Mills as a defense witness. We uphold the trial court.

The defendants were tried for assaulting John and Virginia Mills and for criminal trespass. At the close of the State's case, the defense called the victims' son, Stephen Mills, to the stand. When asked by the court how Stephen Mills' testimony would be relevant to the cases on trial, defense counsel stated that this witness assaulted his clients, and this was a defense to the charges of assault on John and Virginia Mills. When counsel for the State objected, defense counsel then stated that the evidence would show that Stephen Mills assaulted Thompson with an oar by breaking it over his head "causing 21 stitches" and also broke the jaw of Fred Hunt, John's brother. The trial court sustained the objection.

The defendants have failed, at trial and on appeal, to offer any explanation how such an assault by Stephen Mills would constitute a defense to the charges that the defendants assaulted the alleged victims. The defendants were not charged with assaulting Stephen

Mills; an assault by him would, in itself, be no defense to the crimes with which the defendants were charged.

■■ The New Hampshire Constitution, pt. 1, art. 15, and the Sixth Amendment to the Constitution of the United States do not, as the defendants claim, give them an absolute right to introduce testimony which is not relevant to the issues being tried. *See State v. Taylor*, 118 N.H. 859, 861, 395 A.2d 1239, 1240 (1978); *United States v. Barker*, 553 F.2d 1013, 1020 (6th Cir. 1977); *cf. Washington v. Texas*, 388 U.S. 14, 23 (1967) (constitutional violation when the defendant was not permitted to call witness whose testimony would have been relevant and material to the defense). After reviewing the record in this case, we hold that, in the absence of any offer of proof that the testimony of Stephen Mills would be relevant to any theory of defense, it was not reversible error to exclude it.

*Exceptions overruled; affirmed.*