Strafford, }
Dec. 2, 1919. }

### RICHARD R. MASON v. DOVER, SOMERSWORTH & ROCHESTER STREET RY.

### RICHARD R. MASON, *Adm'r, v. SAME.*

A record kept by a third party of the time when the street lights in a city were turned on is governed by the rule as to the admissibility of entries, viz., that they shall be contemporaneous with the facts to which they relate, shall be made by one having personal knowledge thereof and be corroborated by his testimony, if living and accessible.

If a ruling excluding experimental evidence on the ground that it raises collateral issues which there is no time to investigate is supported by evidence, no question of law is presented.

If the presiding justice makes a mistake correctible at the time, if made known, the objecting party cannot keep silent and rely merely upon his general exception.

A wrong reason for a correct ruling will not avoid a verdict.

CASE, for negligence. Trial before *Chamberlin*, C. J., and a jury and verdicts for the plaintiffs. The suits were for injuries from a collision, July 24, 1915, between the wagon in which the plaintiff was

riding with his wife and one of the defendants' cars upon a highway in Dover. The plaintiff was thrown from his wagon by the collision. Subject to exception the court permitted a witness to testify that the plaintiff as he was getting up exclaimed, "Why didn't they stop the car?" The collision occurred shortly after a quarter before eight in the evening. The plaintiff testified he lighted the lamp in his wagon at twenty-five minutes before eight and that he was blinded by the headlight of the approaching car. The defendants called as a witness the superintendent of the lighting company which maintained a street light near the place of the accident, who testified that the company turned on the street lights by switches in the power station, that the time of turning on the lights was left to the judgment of the operating engineers; that when in the judgment of the company it was so dark that lights were needed on the streets for traffic they were put on, and that for the past ten years practically one rule had been adopted, viz., that at a certain point about six hundred feet distant from the station there were four posts for electric light and telephone wires, that the engineer watches these from ten to fifteen minutes before it is time to put the lights on and that when they get so that he thinks that a man could not distinctly see them without lights he puts the lights on. The witness further testified that a record was kept in the company's office of the time when the lights were turned on. The defendants then offered the record to show that the light near the place of accident was not on at the time of the accident, as bearing on the light or darkness of the day at the time. The court admitted the record showing the light was turned on at 7:55 P. M., as tending to prove the light was not on at the time of the accident, but ruled that the evidence was too remote to be useful upon the question of light or darkness at that time, and instructed the jury that the record was not to be considered by them "as tending to show that the lights were turned on when they ought to have been, earlier or later; . . . Lights are sometimes turned on too early, perhaps; sometimes they are turned on too late perhaps; sometimes there may be reasons for each of those things; and sometimes they are turned on when they ought to be. But we can't stop to investigate those questions, and so it is not submitted to you for that purpose." The defendants excepted to the refusal to admit the evidence for the purpose for which it was offered and to the instructions to the jury in relation to it. Transferred by *Marble*, J., from the February term, 1919, of the superior court.

*Mathews & Stevens* (*Mr. Stevens* orally), for the plaintiff.

*Hughes & Doe* (*Mr. Doe* orally), for the defendants.

PARSONS, C. J.   The plaintiff's exclamation as he was getting up from the ground where he had been thrown by the collision was near enough in point of time to form a part of the transaction and authorize its admission.   *St. Laurent v. Railway*, 77 N. H. 460, 462, and cases cited.

Subject to exception the jury were not permitted to consider the fact that the local lighting company had not turned on the street light near the place of accident, as tending to show it was still so light that the headlight on the car could not have the blinding effect the plaintiff ascribed to it, the court stating, as the defendants interpret the instructions, that this would involve a collateral issue as to the reasonableness of the operations of electric light companies and their practice, which could not properly be investigated in this case.   The defendants concede that upon this view the evidence was properly excluded.   They contend however that this issue was not involved, but that the evidence offered was direct evidence bearing upon the amount of light at the time of the accident, because the evidence was of a practice not to turn on the lights so long as four electric light and telephone poles could be distinguished at a distance of six hundred feet.   They contend this was relevant as experimental evidence but concede that a finding excluding the evidence on the ground of remoteness in the view in which they present it would not be open to exception.   *Cook v. New Durham*, 64 N. H. 419; *Bailey Lumber Co.* v. *Railroad*, 78 N. H. 94.   The contention is that the court has from a misconception of the purpose of the evidence failed to pass on the question of fact involved as to the value of their experimental evidence and that therefore the verdict must be set aside.

The question was of the amount of light between 7:45 and 7:55 on this evening.   Evidence from an observer would have been direct and substantial if the observation were made under circumstances sufficiently similar to render the experimental observation of value.   Whether the circumstances were sufficiently identical would involve the question of remoteness which the defendants concede might be decided against them.   But before occasion arises to decide the question of remoteness, upon which in this respect the defendants complain they have had no decision, it is in-

cumbent upon the defendants to offer competent evidence of the experiment.

The evidence offered was the record kept by a third party of the times when the street lights in the city were turned on. It is true that evidence having any tendency, however slight, to prove a particular fact is competent proof of the fact. *Page* v. *Hazelton*, 74 N. H. 252, 255. Or as stated by Wigmore, "all facts having rational probative value are admissible, unless some specific rule forbids." Wig. Ev., *s.* 10. A fact which cannot be admitted because of a specific rule is not evidence. The record kept by third parties, whatever its rational probative value, cannot be laid before the jury if a specific rule forbids, or in other words, declares it not to be evidence. Accounts and entries of third parties are in the nature of hearsay, *Hutchins* v. *Berry*, 75 N. H. 416, 419, and are necessarily inadmissible unless brought within some exception to the hearsay rule. "The rule which governs the admissibility of entries made by private parties in the ordinary course of their business, with some exceptions, 'requires, for the admissibility of the entries, not merely that they shall be contemporaneous with the facts to which they relate, but shall be made by parties having personal knowledge of the facts, and be corroborated by their testimony, if living and accessible, or by proof of their handwriting, if dead, or insane, or beyond the reach of the process or commission of the court. The testimony of living witnesses personally cognizant of the facts of which they speak, given under the sanction of an oath in open court, where they may be subjected to cross examination, affords the greatest security for truth. Their declarations, verbal or written, must, however, sometimes be admitted when they themselves cannot be called, in order to prevent a failure of justice. The admissibility of the declarations is in such cases limited by the necessity upon which it is founded.' *Chaffee* v. *United States*, 18 Wall. 516, 541." *Lassone* v. *Railroad*, 66 N. H. 345, 357.

It does not appear who made the particular entry offered in evidence. The witness through whom the evidence was offered testified he was chief engineer or superintendent of the plant and that the records were approved by him and kept in his custody, but he declined to testify whether he kept the record personally. No one testified the record was correct. There was no evidence that the witness who might have testified to the verity of the record was dead, insane, or beyond the jurisdiction. As the case stood, the record was not evidence for any purpose. Its exclusion, therefore,

in whole or in part would not affect the verdict upon whatever ground the exclusion was placed by the trial court. A wrong reason merely for a correct ruling will not avoid the verdict. *Blodgett* v. *Company*, 52 N. H. 215, 219. . As the proof offered of the fact was incompetent, it is immaterial whether the fact itself was irrelevant or too remote; and the grounds upon which it was concluded the fact itself was too remote are equally unimportant.

But all the record tended to prove was that the street light was not on at the time of the accident. It was admitted without objection to prove this fact, about which there appears to have been no controversy.

The real question is whether the jury could draw any inference as to the amount of daylight from the fact that the lighting company had not turned on the street lights. If this were all the evidence, the defendants concede the exclusion of the evidence upon their interpretation of the instructions to the jury would be unexceptionable. If they had offered evidence from the engineer who turned on the lights on this occasion that he had observed the conditions as to approaching darkness, his testimony as to the fact and as to any experiments he had made would have been relevant and have raised the issue whether the circumstances of his observation and experiments were so similar to those under which the accident occurred as to render the testimony of value in the investigation committed to the jury. The evidence, however, did not relate to the particular date of the accident but to the custom or practice of turning on the lights; which was according to the evidence left to the judgment of the operating engineer who used practically one rule and turned on the lights when by observation of four light and telephone poles, six hundred feet distant from the station, he thought a man could not distinctly see without lights; the controlling rule being that the lights were turned on when in the judgment of the lighting company it was so dark that lights were needed on the street for traffic. This evidence instead of presenting a particular experiment on the night of the accident raises the collateral issues of the reasonableness of the judgment of the company, of the need of light for traffic, of the judgment of the operating engineer; of the correctness of his thinking as to the ability of a man to distinctly see and the uniformity with which the operators of the lighting plant followed the alleged practice. These collateral issues the presiding judge told the jury there was no time to investigate in this case. This conclusion involves no mistake, was warranted by the evidence

and presents no question of law. *Amoskeag Mfg. Co.* v. *Head*, 59 N. H. 332, 337, 338; *Hilliard* v. *Beattie*, 59 N. H. 462, 465. As Judge *Chamberlin* is dead, his meaning cannot be made plain by an amendment of the case. But there is little occasion for an amendment if one could be had. That the presiding judge had in mind in instructing the jury the issues presented by the evidence of the superintendent who testified as to the practice of his company and not the practice of lighting companies generally, of which there was no evidence, is the reasonable conclusion from the evidence. If, however, as the defendants claim, he had in mind the general practice and based his ruling thereon, it was the duty of the defendants to call his attention to the matter and to obtain a specific ruling upon their view of the evidence. If the presiding judge makes a mistake correctible at the time, if made known, the objecting party cannot keep silent, relying upon a general exception. A judicial trial is the ascertainment of truth by reasonable methods. It is not a sport which must strictly conform to specified rules. A verdict is not set aside because, long after the trial, intensive study of the language of the court and severe critical analysis establishes a possibility of meaning not apparent upon the surface. Not having specified at the trial the point which they now raise, the defendants take nothing by their general exception. *Bourassa* v. *Railway*, 75 N. H. 359, 362; *Haines* v. *Insurance Co.*, 59 N. H. 199, 200; *Paine* v. *Railway*, 58 N. H. 611, 615.

*Exceptions overruled.*

All concurred.