Merrimack, }
June 2, 1925. }

### ROBERT W. UPTON, *Adm'r*, v. BOSTON & MAINE RAILROAD.

Instructions to the jury upon the issue of contributory negligence, which assume
to state fully the evidence upon each side of that issue, but which omit refer-
ence to material evidence in favor of the plaintiff, are erroneous, and, proper
exception having been seasonably taken, a verdict for the defendant must
be set aside.

CASE, for negligently causing the death of Emile Nadeau, the
plaintiff's intestate. Trial by jury and verdict for the defendant.
Nadeau lived at Suncook and worked in the defendant's engine
house at Concord. On the morning of the accident he was riding
on the defendant's work train, and either jumped or was thrown
from the steps of the third car from the rear as the train entered the
Concord yard. A bank of snow and ice close to the rails caused him
to fall upon the track, where he was run over and killed.

Two witnesses testified that he jumped. A witness, Leveille,
testified that he saw him standing on the lower step of the car, that
as the train was being brought to a stop there were sudden jerks
evidently caused by the application of the brakes, that these jerks
were sufficient to "make you lose your balance if you weren't hold-
ing on," that he did not keep his eye on Nadeau but was looking in
his direction and would have seen him if he had jumped, since the
snow bank was as high as the second step, thus necessitating a jump
upward to reach it.

Another witness, French, testified that he was at the gates watch-
ing the train as it came in, that he heard the brakes applied and
that the train "jarred back and forth" when it stopped, and that
immediately afterward he heard somebody shout that a man was
killed. The defendant introduced testimony to the effect that the
train was brought to a stand without any unusual jar.

On the issue of Nadeau's contributory negligence the court charged
the jury in part as follows: "First, did he, as a matter of fact, jump
from the train while it was in motion? Now, you may think it
significant that the only two witnesses who claim to have been eye-
witnesses to what he did, say that he did jump from the train, and if
you accept the testimony of those men, of course that settles this
particular question. The plaintiff argues from the testimony of
Leveille in regard to the way in which the train was operated and

from Leveille's statement that if Nadeau had jumped he thinks he would have seen him, that you can draw the inference that he did not jump but was thrown from the train; and so you will have to decide whether you will accept the direct testimony of those people who claim to be eyewitnesses or whether you will accept in preference to that testimony the inference which you are urged to draw from what Leveille saw and did not see."

The plaintiff excepted to this instruction on the ground that it unduly restricted the evidence to be considered upon this phase of the case. A bill of exceptions was allowed by *Branch*, C. J.

*Robert W. Upton* (by brief and orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Jonathan Piper* orally), for the defendant.

MARBLE, J. It was the province of the jury to decide the issues on all the competent evidence. The plaintiff claimed that Nadeau was thrown from his position on the step by a jerk or jar due to the sudden stopping of the train. This was a material issue in the case, and the evidence relating thereto was conflicting. To instruct the jury that their determination of this issue must depend upon whether they accepted the direct evidence of the two eyewitnesses or the inference to be drawn from "what Leveille saw and did not see," was in effect to exclude from their consideration the corroborative testimony of French with respect to the jar of the train and the shout that immediately followed.

While in cases of this kind "the precise line which bounds the discretion of the court may be difficult to define" (*State* v. *Newman*, 74 N. H. 10, 21), all the authorities agree that although the trial judge is not obliged to restate the evidence fully and exactly (*Rollins* v. *Varney*, 22 N. H. 99, 102), if he misstates it on an important matter to the prejudice of the complaining party, it is reversible error. 38 Cyc. 1656.

On the issue of contributory negligence the jury in the instant case were practically told that Leveille was the only witness whose testimony tended to prove that Nadeau had been thrown from the train. It is true that French's testimony was referred to later in the charge on the question of the defendant's fault. But the jury had been previously instructed that the question of Nadeau's conduct might be decisive of the case and that it would be logical to

decide that question first. If the suggested procedure was followed, the jury may never have reached the point where, under the instructions as given, French's testimony could be considered.

It should be noted that this is not a case where a technical error has been discovered by "intensive study" and "severe critical analysis" (*Mason* v. *Railway*, 79 N. H. 300, 305) after verdict and under a general exception. Here, as in *West* v. *Railroad*, 81 N. H. 522, the grounds of the exception were specifically and seasonably stated. And just as in that case a new trial was granted because the charge "may have conveyed to the jurors an erroneous conception of the law," so in the present case the exception must be sustained because the charge may have conveyed to the jury a wrong conception of the evidence.

Since the verdict must be set aside for the reasons given, it is unnecessary to consider the other exceptions. The defendant argues, however, that all the exceptions are immaterial because a verdict should have been directed in its favor. It is a sufficient answer to this contention to say that the defendant's exceptions have not been transferred, and that the record before this court is admittedly incomplete.

*Verdict set aside.*

All concurred.