Merrimack
No. 7499

STATE OF NEW HAMPSHIRE

v.

LAWRENCE BLACK

December 30, 1976

*David H. Souter,* attorney general, and *Edward A. Haffer,* assistant attorney general *(Mr. Haffer* orally), for the State.

*McSwiney, Jones & Semple (Mr. Carroll F. Jones* orally) for the defendant.

GRIFFITH, J.    Defendant was convicted in a trial by jury of theft of less than $100 and of tampering with a witness in violation of RSA 641:5 I (b). Defendant's exceptions were reserved and transferred by the Trial Court *(Keller,* C.J.).

The defendant testified in his own defense during the trial and the State was permitted to introduce three prior convictions as bearing on his credibility. Defendant urges in support of his exception to the trial court's ruling on the introduction of these convictions the age of the convictions and defendant's own age at the time of the convictions.

It appears that in 1966, slightly less than ten years before the trial in this case, when the defendant was seventeen years of age, he pleaded guilty to three felony indictments. The defendant was represented by counsel at that time and under the law in effect in

1966 he was not a juvenile. Laws 1965, 256:1, :7, :8. The trial court considered the admissibility of the convictions in advance of trial and gave proper limiting instructions both at the time of their admission and in its charge. We find no abuse of discretion in the trial court's conclusion that the value of the convictions as bearing on defendant's credibility outweighed any prejudice to his case. *State v. Cote,* 108 N.H. 290, 235 A.2d 111 (1967); *State v. Blake,* 113 N.H. 115, 305 A.2d 300 (1973); *see United States v. Belt,* 514 F.2d 837, 849 (D.C. Cir. 1975).

The defendant excepted to the trial court's charge on reasonable doubt and particularly to the trial court's apparent reference to reasonable doubt as "such a strong and abiding conviction as still remains after a careful consideration of all the facts and arguments advanced against it . . . ." Defendant relies upon *United States v. Flannery,* 451 F.2d 880, 882-83 (1st Cir. 1971) where the court criticized similar language in a charge and said: "We believe that in charging the jury, with respect to reasonable doubt, that 'a reasonable doubt can be defined as a strong and abiding conviction that still remains after careful consideration of all the evidence,' the court must have misspoken itself." The criticism of this type of language in *Flannery* was by way of dictum after a new trial had been ordered on another issue. However valid the criticism, the opinion did not consider the entire charge of the court on the issue of reasonable doubt or determine that the charge on this issue was prejudicial to the defendant.

"[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten,* 414 U.S. 141, 146-47 (1973). The criticized phrase here occurs near the beginning of a page and a quarter of instruction on reasonable doubt. The remaining instructions are clear and unobjectionable and close with the following sentence: "But where our belief in a fact is so uncertain that we would hesitate to undertake something of importance and seriousness equal to these cases upon the strength of it, then there is a reasonable doubt." This is the accepted definition of reasonable doubt approved by this court *(State v. Slade,* 116 N.H. 436, 362 A.2d 194 (1976); *State v. Booton,* 114 N.H. 750, 761-62, 329 A.2d 376, 385 (1974); *State v. Hutton,* 108 N.H. 279, 289, 235 A.2d 117, 124 (1967)) and the United States Supreme Court *(Holland v. United States,* 348 U.S. 121, 140 (1954)). The charge as a whole conveyed the correct concept of reasonable doubt to the jury and any possi-

ble prejudicial effect of the phrase was harmlessly lost in the totality of the instructions.

*Exceptions overruled.*

All concurred.