Hillsborough
No. 78-076

### The State of New Hampshire

### v.

### Paul Lavallee

April 6, 1979

*Thomas D. Rath*, attorney general, and *John C. Boeckeler*, assistant attorney general (*Mr. Boeckeler* orally), for the State.

*Bruce E. Kenna*, of Manchester, for the defendant.

BROCK, J.   Defendant was convicted of aggravated assault under RSA 631:2 II, after jury trial in Hillsborough County Superior Court. (*King*, P.J.). This appeal is taken from the court's denial of defendant's pretrial and post-verdict motions seeking to exclude from evidence a prior aggravated assault conviction, to compel the testimony of a witness who claimed her privilege against self-incrimination, and to set aside the verdict. The defendant also claims that the court erred by applying the extended term provision of RSA 651:6 to the facts of this case.

The evidence shows that in the early morning hours of April 14, 1977, the defendant went to Goffstown and entered a cottage occupied by Leslie Desfosses. Thereafter, Mr. Desfosses received numerous knife wounds to his face and neck requiring twenty-eight stitches. The principal factual issue at trial was whether, as the victim testified, the defendant initiated an unprovoked attack on him while he was asleep on the sofa, or, as the defendant testified, the wounds were inflicted in self-defense after the victim attacked the defendant. There were no other eyewitnesses to the incident.

At trial, the defendant hoped to corroborate his version of the incident through the testimony of Doris Denoncourt, a close friend of the victim, who had testified favorably to the defendant at his probable cause hearing in the Goffstown District Court. The key points in that testimony were that the defendant had gone to Goffstown at her request to remove the victim from her dwelling, and that the victim had told her shortly after the incident that he, not the defendant, had started the fight. Several months later Miss Denoncourt, then represented by an attorney, orally advised the District Court (*Pingree*, J.) that her testimony at the probable cause hearing had been perjured.

Prior to the defendant's trial, Miss Denoncourt and her attorney notified the court and the parties that, if called as a witness, she would

exercise her privilege against self-incrimination. The defendant argued to the court that the privilege should not be granted because the witness had waived it and because her testimony was crucial to his defense. The court considered the issue, including the potential risks facing the witness, and ruled that she could refuse to testify to any matter pertaining to the assault. *Cf. State v. Dufield*, 119 N.H. 28, 398 A.2d 818 (1979).

The defendant claims that the trial court's ruling deprives him of his constitutional right "to produce all proofs that may be favorable to himself." N.H. CONST. pt. I, art. 15. That right is not absolute, however, when it conflicts with a witness' privilege against self-incrimination. *State v. Taylor*, 118 N.H. 859, 395 A.2d 1239 (1978).

When a witness' right to remain silent clashes with a defendant's right under our constitution "to produce all proofs . . . favorable to himself," N.H. CONST. pt. I, art. 15, the court must engage in a delicate balancing of these conflicting interests. The defendant has "the burden of establishing the impropriety of the trial court's granting of the claim as well as the prejudicial nature of this action to his own cause." C. MCCORMICK, EVIDENCE 296 n.38 (2d ed. 1972).

The determination whether a witness is entitled to assert the privilege against self-incrimination is a matter to be determined by the trial court in accordance with the standards set forth in *Malloy v. Hogan*, 378 U.S. 1, 11–12 (1963). 98 C.J.S. *Witnesses* § 454 (1957). The fact that the witness here had, in another setting, disclosed the possibility of perjury did not constitute a waiver of her right to claim the privilege. 98 C.J.S. *Witnesses* § 456 (1957).

There are also facts here indicating that the defendant was not unduly prejudiced by the absence of the witness' testimony. The witness' testimony concerning her conversations with the victim shortly after the assault would in all likelihood have been admissible only to impeach the victim's in-court testimony, not for its truth. *State v. Doran*, 117 N.H. 401, 374 A.2d 950 (1977); *State v. Gomes*, 116 N.H. 113, 352 A.2d 713 (1976). Her later retraction cast considerable doubt as to the defendant's assertion that her testimony, if available would support his case. In an effort to eliminate any prejudice to the defendant, the trial court in the exercise of its discretion, allowed the defendant to introduce Judge Pingree's testimony as to what the witness had said at the probable cause hearing. C. MCCORMICK, EVIDENCE § 260 (2d ed. 1972).

In the record before us, we do not find reversible error in the trial court's recognition of the witness' privilege. Nor can we say that the trial court erred as a matter of law in allowing a blanket assertion of the privilege, since the basis of the witness' claim was that any or all of her relevant testimony would be contrary to her testimony at the probable cause hearing and might subject her to perjury charges. *State v. Bell*, 112 N.H. 444, 298 A.2d 753 (1972).

■   We have previously recognized that "situations could arise in which to deny [a defense witness] immunization from prosecution would deprive a defendant of due process. . . ." *State v. Farrow*, 118 N.H. 296, 306, 386 A.2d 808, 814 (1978); *see* Note, *The Sixth Amendment Right to Have Use Immunity Granted to Defense Witnesses*, 91 HARV. L. REV. 1266 (1978); Note, *Separation of Powers and Defense Witness Immunity*, 66 GEORGETOWN L.J. 51 (1977). We note that RSA 516:34, on its face, does not limit immunity to prosecution witnesses. *But see State v. Linsky*, 117 N.H. 866, 883, 379 A.2d 813, 824 (1977). Since the possibility of immunity for Doris Denoncourt was not argued or considered below, we need not consider whether this is such a case.

■   The defendant's second contention is that the trial court erroneously admitted evidence of a prior aggravated assault conviction. In this State, it is well established that evidence of a defendant's prior convictions is inadmissible "either to establish guilt or to show that a defendant would be likely to commit the crime with which he is charged." *State v. Cote*, 108 N.H. 290, 294, 235 A.2d 111, 114, *cert. denied*, 390 U.S. 1025 (1967). In *Cote*, however, we held that evidence of a defendant's prior convictions is admissible where it is "particularly probative in showing such things as intent . . . an element in the crime . . . identity . . . malice . . . motive . . . a system of criminal activity . . . or when the defendant has raised the issue of his character . . . or when the defendant has testified and the State seeks to impeach his credibility." *Id.* at 295, 235 A.2d at 114, *quoting Spencer v. Texas*, 385 U.S. 554, 560–61 (1967).

■   Because the defendant here elected to testify, his credibility could be impeached in the same manner as that of any other witness, including, when appropriate, the use of a prior criminal conviction. RSA 516:33; *State v. Cote, supra*. The trial judge, in his final charge, instructed the jury as follows:

> Now the fact that the defendant has been previously convicted of a felony is not to be considered by you to any degree

whatever as evidence of his guilt in this case, but only insofar as it may have a bearing, if it does so, upon his truthfulness as a witness and the weight to be given his testimony.

The prior conviction was therefore properly admitted into evidence. *State v. Black*, 116 N.H. 836, 368 A.2d 1177 (1976), *cert. denied*, 431 U.S. 906 (1977).

■ When a defendant's prior conviction is admitted solely for impeachment, the trial court must take care that the prosecution's "cross-examination relating to prior convictions is not conducted in such a manner as to cause undue prejudice to the defendant." *State v. Cote*, 108 N.H. at 297, 235 A.2d at 116.

■ After the court's pretrial ruling that the defendant's prior aggravated assault conviction would be admitted, defense counsel, having noted his exception, chose as a matter of trial tactics to bring it out himself on direct examination of the defendant. The prosecutor on cross-examination then linked the prior conviction to a characterization of the defendant as "a violent person," a phrase repeated in his closing argument. Defense counsel did not object to either the prosecutor's cross-examination or argument or request such immediate limiting instructions as he may have been entitled to. While in some instances "counsel may refrain from interrupting testimony and raising an immediate objection to avoid accentuating the potential problem," an objection must be made "when the court has ample time to take remedial action if an error has occurred." *State v. LaBranche*, 118 N.H. 176, 179, 385 A.2d 108, 110 (1978). If the defendant's prior conviction were admissible in this case solely for impeachment of the defendant's credibility, we would be faced with the difficult task of determining on balance whether the prosecutor's comments compel a new trial even in the face of the limiting instruction. *State v. Booton*, 114 N.H. 750, 329 A.2d 376, *cert. denied*, 421 U.S. 919 (1974). In this case, however, the trial judge could have found that the conviction was admissible substantively because the defendant, by taking the witness stand and asserting self-defense, put his character in issue at least as to his tendency to commit assault. The key issue of fact at trial was whether the defendant was the aggressor or acted in self-defense, an issue on which both the defendant's and the victim's characters or dispositions for assaultive conduct were probative. *See* Annot., 154 A.L.R. 121, 124 (1945); 2 J. WEINSTEIN, EVIDENCE 404–40 *et seq.* (1977).

The trial court's pretrial ruling that "if he has an assaultive record . . . you can get that in" came in the context of a defense motion to discover the victim's prior record of assaultive conduct, which could be used to corroborate the defendant's self-defense claim. In fact, the court instructed the jury that it could consider evidence that had been introduced "regarding the reputation of the [victim] for aggressive and hostile behavior on the likelihood that [he] first assaulted the defendant and the reasonableness of the defendant's fear for his safety."

The court on the facts of this case could find that the probative value of the prior conviction on the issue of self-defense, as well as on credibility, outweighed the risk of its unwarranted use by the jury. In this context, the prosecutor's references to the defendant's violent character were not sufficiently improper to compel a new trial. *See State v. Breest*, 118 N.H. 416, 387 A.2d 643 (1978).

■ The defendant has also challenged the trial court's decision to sentence him to ten to thirty years in the State prison under the extended term of imprisonment provision of RSA 651:6. After the trial and post-verdict argument of a motion to reconsider the sentence, the trial court reaffirmed its finding that the extended term provisions applied because of the defendant's prior criminal record and because the defendant "manifested exceptional cruelty and depravity in inflicting serious bodily injury on the victim." In light of the circumstances surrounding the assault and the evidence that the wounds barely missed the victim's carotid artery and jugular vein, that determination was not incorrect as a matter of law.

*Exceptions overruled.*

LAMPRON, C.J., concurs; BOIS, J., concurs only in the result; DOUGLAS, J., concurs specially; GRIMES, J., did not sit.

DOUGLAS, J., concurring. "[E]vidence of prior convictions . . . is [generally] inadmissible at a criminal trial either to establish guilt or to show that a defendant would be likely to commit the crime with which he is charged." *State v. Cote*, 108 N.H. 290, 294, 235 A.2d 111, 114 (1967), *cert. denied*, 390 U.S. 1025 (1968). The reason for the exclusion of such evidence is that "prior convictions have an inherent prejudicial effect," *id.* at 297, 235 A.2d at 116, and may be used only to evaluate credibility. While a trial judge would be well-advised to bar

admission into evidence of prior convictions except those relating to truth-telling, such as false swearing or perjury, those judges in the future who permit the admission of a recent prior conviction on cross-examination should establish upon the record the probative purpose for such admission and the factors that outweigh the "inherent prejudicial effect" of the conviction. Because the facts of this case involve self-defense and a crime of violence, the defendant's past conviction is admissible under *Cote*. I concur.