Merrimack
No. 80-437

THE STATE OF NEW HAMPSHIRE

v.

LAWRENCE WOODARD

November 16, 1981

*Gregory H. Smith,* attorney general (*Richard C. Nelson,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, by brief and orally, for the defendant.

KING, C.J. The defendant, Lawrence Woodard, was convicted of first-degree assault in the Merrimack County Superior Court on November 6, 1980. The Trial Court (*Batchelder,* J.) sentenced him to not more than thirty years nor less than ten years in the New Hampshire State Prison. The defendant appeals, alleging that the trial judge erred in not granting a mistrial on the grounds that the defendant was prejudiced by being restrained in handcuffs and leg irons during trial; that the trial judge's decision not to admit certain letters written by the defendant to his girlfriend constituted reversible error; and that the circumstances surrounding the assault were not sufficient to justify the enhanced sentence imposed on the defendant under RSA 651:6. We affirm.

On May 30, 1980, the defendant, who was confined to the New Hampshire Hospital, entered the victim's office on the grounds of the hospital. After asking for someone named "Debbie," he approached the victim and, without any provocation, began stabbing her. While he held a pair of scissors over her genitals, he asked her to engage in certain unnatural sexual acts. The victim complained that she could not breathe because of the stab wounds to her lungs. After agreeing to go for help, the defendant left the victim and disappeared. Eventually the victim was taken to the Concord Hospital where she was treated for nineteen stab wounds, a collapsed lung and a bruised lung. She also suffered a substantial loss of blood.

At a pretrial hearing, the State presented evidence of several violent acts by the defendant during his custody and of several threats made by the defendant to courtroom personnel. A psychiatrist, who had treated the defendant, testified that the defendant was erratic and unpredictable and that, in his opinion, he needed to be restrained during the trial. Consequently, during the State's case, the defendant was handcuffed and wore leg irons, although the handcuffs were removed during the defendant's case.

At trial, a fellow prisoner, who testified for the State, said that he had read a letter which the defendant had written to his girlfriend asking her to say that at the time of the assault she was on the telephone with him. Later, the defense sought to admit a series

of letters written by the defendant to his girlfriend in order to show that no letter concerning an alibi had ever been written. The trial judge ruled that the letters were inadmissible because they lacked relevancy.

After a conviction on the charge of first-degree assault, followed by a separate trial on the issue of the defendant's sanity, the trial judge held a further hearing on the applicability of RSA 651:6, which provides that the trial judge may impose an extended sentence in a situation involving cruelty or depravity. The court found that because of the repeated stabbings and the defendant's demands for unnatural sexual acts, an extended sentence under RSA 651:6 was appropriate. Subsequently, the court imposed the maximum sentence allowed under RSA 651:6.

■ RSA 651:6 states that the trial judge may impose an enhanced sentence if he finds that the defendant "manifested exceptional cruelty or depravity in inflicting death or serious bodily injury on the victim of his crime." RSA 651:6 I(d). The defendant argues that the trial judge based his order for an extended sentence on the defendant's demands that the victim perform unnatural sexual acts, and that the court should not have considered those demands in its decision to impose an enhanced sentence because the demands took place after the stabbings. The defendant relies on the language of the statute that requires "exceptional cruelty or depravity *in* inflicting . . . serious bodily injury . . . ." (Emphasis added.) RSA 651:6 I(d). The stabbings of the victim and the defendant's demands for unnatural sexual acts, however, were both part of one event, and therefore, the trial judge did not err in considering all of the circumstances surrounding the assault when he imposed sentence. The defendant cannot avoid the provisions of RSA 651:6 by showing cruelty and depravity after inflicting serious bodily injury rather than before or during the infliction of serious bodily injury.

The defendant contends that the victim's wounds were not serious enough to warrant the application of RSA 651:6. This court has held that multiple wounds caused by the defendant's hitting a victim with a hammer are sufficient to justify an extended sentence, *State v. Morehouse*, 120 N.H. 738, 741, 744, 424 A.2d 798, 799, 801 (1980), and that multiple stab wounds are sufficient for the imposition of an enhanced sentence. *State v. Lavallee*, 119 N.H. 207, 209, 213, 400 A.2d 480, 481, 484 (1979).

■ The facts of this case fall clearly within the bounds set out in *Morehouse* and *Lavallee*. Nineteen stab wounds together with the demands for unnatural sexual acts are sufficient manifestation

of cruelty or depravity to justify the sentence imposed by the trial court. At least two of the wounds were serious, causing damage to both of the victim's lungs, and she suffered a significant loss of blood. The fact that her condition was not even more serious is of little aid to the defendant in his argument against the imposition of an extended sentence.

■■ The defendant also argues that the trial judge erred in not granting a mistrial because of the prejudice caused by the defendant's being restrained during trial. This court stated in *State v. Gilbert*, 121 N.H. 305, 311, 429 A.2d 323, 327 (1981), that the trial court can order the defendant restrained only if "there is a showing of manifest need." This court also adopted the rule in *Illinois v. Allen*, 397 U.S. 337, 343 (1970), that the trial judge has discretion in determining whether a need for restraint exists. *State v. Gilbert*, 121 N.H. at 309, 429 A.2d at 326.

■■ Here, the trial judge did not abuse his discretion by ordering restraint. There was sufficient evidence of the defendant's tendency for violence buttressed by psychiatric testimony that restraint was necessary. A trial judge should not be forced to wait until a defendant carries out his threats of violence before ordering the restraint of the defendant.

■ The holding in *Gilbert* also requires that the trial judge conduct a formal hearing on the issue of restraint and, if he orders restraint, instruct the jury that the restraint should have no bearing on the presumption of innocence. *State v. Gilbert*, 121 N.H. at 311, 429 A.2d at 327–28. The record shows that the trial court complied with all of the procedures required by *Gilbert*.

■■ In *Gilbert*, we stressed that the interests of the State in protecting the courtroom from a defendant's violence must be balanced against the interests of a defendant. *State v. Gilbert*, 121 N.H. at 311, 429 A.2d at 327. In *Gilbert*, the prejudice created by the jury's viewing the defendant in restraints was minimized by the fact that the jury viewed the defendant at jail. *Id.* at 310–11, 429 A.2d at 327. The jury, therefore, was already aware of the defendant's confinement. *Id.* Similarly, in this case, the evidence at trial of the defendant's confinement to the New Hampshire Hospital and to the Sullivan County Jail diminished the prejudice created by the restraint. While not encouraging use of restraint, we hold that the trial court's order of restraint was a proper exercise of discretion and did not result in unreasonable prejudice to the defendant.

■■■ The trial judge did not commit reversible error by refusing to admit into evidence certain letters written by the defendant to his girlfriend. Testimony "must have some tendency to establish a fact of consequence" in order to be admitted into evidence. *Welch v. Bergeron*, 115 N.H. 179, 182, 337 A.2d 341, 343 (1975). The trial judge did not err in determining that the letters from the defendant to his girlfriend did not tend to establish that no alibi letter had been written. The existence of some personal correspondence would not have aided in ascertaining the existence or lack of existence of *other* correspondence. Although evidence "having any tendency, however slight, to prove a particular fact is competent proof of the fact," *State v. Wheeler*, 120 N.H. 496, 498, 416 A.2d 1384, 1386 (1980) (quoting *Mason v. Railway*, 79 N.H. 300, 303, 109 A. 841, 843 (1919)), the trial judge did not err in deciding that the offered evidence had no tendency to prove that the defendant did not write a letter trying to establish an alibi. Such evidence would not tend to make the existence of an alibi letter more probable or less probable. *See People v. Nitzberg*, 287 N.Y. 183, 187, 38 N.E.2d 490, 492–93 (1941).

■■ Even if the offered letters were deemed relevant, it can be found beyond a reasonable doubt that the exclusion of the letters did not affect the verdict. *See State v. LaBranche*, 118 N.H. 176, 179, 385 A.2d 108, 110 (1978) (quoting *State v. Ruelke*, 116 N.H. 692, 694, 366 A.2d 497, 498 (1976)). Therefore, we conclude that the trial judge's exclusion of the letters was not reversible error.

*Exceptions overruled; affirmed.*

BATCHELDER, J., did not sit; the others concurred.