Merrimack
No. 82-346

THE STATE OF NEW HAMPSHIRE

v.

GILBERT CANTARA

August 31, 1983

*Gregory H. Smith,* attorney general (*Donald J. Perrault,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

BOIS, J. The sole issue in this appeal is whether the superior court abused its discretion in allowing the State to introduce evidence of the defendant's prior conviction in order to establish his motive to commit the offense of criminal threatening. *See* RSA 631:4. We find no error and affirm.

Between the summer of 1980 and the summer of 1981, the victim, Georgette Boudreau, received numerous harassing telephone calls from the defendant, Gilbert Cantara. As a result of these calls, Boudreau filed a complaint against the defendant for harassment. *See* RSA 644:4. The defendant pled guilty to the harassment charge on September 21, 1981. Later that same day, Boudreau received a telephone call in which the caller stated: "This is Gil, and I'm going to kill you for this." Boudreau then filed an additional complaint against the defendant for criminal threatening.

Prior to trial on the criminal threatening charge, the defendant filed a motion to suppress admission into evidence of the harassment conviction. After a hearing on the motion, the Superior Court (*Souter,* J.) ruled that the probative value of the conviction as evidence of the defendant's motive outweighed its prejudicial effect and denied the defendant's motion. The harassment conviction was introduced at trial, and Boudreau and a companion, who had initially answered the threatening telephone call at issue in the case, identified the defendant as the caller. The jury returned a verdict of guilty, and the defendant then brought this appeal.

The defendant argues that the superior court committed reversible error in permitting the State to introduce the harassment conviction into evidence. We disagree.

It is well established that evidence of prior convictions is admissible to show, *inter alia,* identity, motive, or the context in which a crime took place. *State v. Lavallee,* 119 N.H. 207, 211, 400 A.2d 480, 483 (1979); *State v. Cote,* 108 N.H. 290, 294–95, 235 A.2d 111, 114 (1967), *cert. denied,* 390 U.S. 1025 (1968); *see* McCORMICK ON EVIDENCE § 190, at 448–51 (2d ed. 1972). Before admitting a

prior conviction for these purposes, however, the trial judge must determine that the probative value of the conviction outweighs its prejudicial effect. *State v. Barker*, 117 N.H. 543, 546, 374 A.2d 1179, 1180 (1977). *But see State v. Staples*, 120 N.H. 278, 415 A.2d 320 (1980) (use of prior convictions for impeachment purpose).

Here, the probative value of the defendant's harassment conviction was evident. The harassment conviction came about as a result of Boudreau's actions and was obtained earlier on the same day that she received the threatening telephone call. The conviction thus provided an obvious retaliatory motive for the threatening call. Further, the conviction also explained what the caller may have been referring to when he stated that "I'm going to kill you for *this*." (Emphasis added.) As a consequence, it was probative on the issue of the caller's identity. *See* McCORMICK ON EVIDENCE § 190, at 451 (2d ed. 1972).

We reject the defendant's argument that the harassment conviction was inadmissible because other evidence was available to prove motive or identity. As noted above, the test for determining the admissibility of a prior conviction is whether the probative value of the conviction outweighs its prejudicial effect. Although probative value might be reduced by the availability of other evidence, there is no requirement that a prior conviction be excluded simply because other evidence may be available on the same issue.

We agree with the superior court that the highly probative nature of the harassment conviction in this case outweighed its possible prejudicial effect. Furthermore, the record shows that the Trial Judge (*Cann*, J.) minimized any resulting prejudice when he instructed the jury that it was to consider the harassment conviction only on the limited issue of the defendant's motive or state of mind. *See State v. Barker*, 117 N.H. at 546, 374 A.2d at 1180; *State v. Cote*, 108 N.H. at 295, 235 A.2d at 116. For these reasons, we conclude that the court did not abuse its discretion in admitting the prior conviction.

*Affirmed.*

All concurred.