Hillsborough
No. 84-542

# THE STATE OF NEW HAMPSHIRE

v.

# ERNEST B. SHACKFORD, JR.

February 27, 1986

696

*Stephen E. Merrill,* attorney general (*Gregory W. Swope,* senior assistant attorney general, on the brief and orally), for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The defendant appeals his conviction for first degree murder, RSA 630:1-a, on the basis of his contentions that (1) the evidence was insufficient to prove premeditation and deliberation; (2) the Trial Court (*DiClerico,* J.) erred in admitting evidence of another offense at trial; (3) the New Hampshire rule that insanity is a question of fact for the jury violates due process; and (4) the legislature's failure to delineate standards for the insanity defense violates the separation of powers doctrine. We affirm.

The following facts were established at trial. On December 29, 1983, the defendant drove to Nashua armed with a knife. The next day, the victim, her husband, and their two children were shopping at Simoneau Plaza in Nashua. The victim's husband and son entered Rozumek's grocery store, while the victim and her daughter went into Bradlees Department store. As they left Bradlees, the defendant walked past the victim and her daughter, and then turned and approached them from behind. The victim's daughter testified that the defendant

> "came up right next to [the victim] rubbing the front portion of his right shoulder area against the rear portion of her left shoulder and shoulder blade area . . . . After a few seconds of this contact, [the victim] turned toward Mr. Shackford, screamed and hit him with her pocketbook. At this point [the victim's daughter] saw Mr. Shackford push [the victim] into the Bradlees window. [The victim] screamed several more times as [her daughter] ran to Rozumek's and went into the store to find her father."

The victim received four stab wounds, one of which was fatal. After the attack, the defendant ran into Rozumek's and was involved in altercations with a number of people. He assaulted two men with his knife, and was finally subdued and arrested.

The State also introduced evidence that shortly before the defendant attacked the victim, he accosted another woman. The defendant followed the woman as she was walking home, threatened her with a knife as she was unlocking her front door, and demanded that she "open the door and [she] wouldn't get hurt." She pushed past the defendant and ran into the street, but slipped on the ice and fell. The defendant reached her, and stabbed her several times. She survived to identify the defendant as her assailant.

The defendant was indicted for first degree murder, RSA 630:1-a, and three counts of first degree assault, RSA 631:1. He raised the insanity defense, and a bifurcated trial was held. The defendant moved to dismiss the charge of first degree murder and one count of first degree assault, arguing that the evidence was insufficient. The motion was denied, and the defendant excepted. The defendant also objected to the admission of evidence concerning the assault that occurred prior to the attack on the victim, and to the lack of standards for the insanity defense. The objections were overruled, and the defendant's exceptions were noted. The defendant was found guilty of first degree murder, one count of first degree assault, and one count of second degree assault. The jury found the defendant sane, and he was sentenced to consecutive terms of life without parole, 3 1/2 to 7 years, and 7 1/2 to 15 years. This appeal followed.

## I. *Sufficiency of the Evidence*

The defendant contends that the evidence at trial was insufficient to show premeditation and deliberation, which are necessary elements for a conviction of first degree murder. RSA 630:1-a. We disagree.

The defendant argues that the murder was not committed with premeditation and deliberation, but was the result of an "impulsive frenzy." We must consider the evidence in the light most favorable to the State, and uphold the jury's verdict unless no rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Meloon*, 124 N.H. 257, 259, 469 A.2d 1316, 1318 (1983). The defendant has the burden of showing that the evidence was insufficient to prove guilt. *State v. Burke*, 122 N.H. 565, 569, 448 A.2d 962, 964 (1982). The elements of premeditation and deliberation require that

> "[t]here must be not only an intention to kill, but there must also be a deliberate and premeditated design to kill. Such design must precede the killing by some appreciable space of time. But the time need not be long. It must be sufficient for some reflection and consideration upon the matter, for choice to kill or not to kill, and for the formation of a definite purpose to kill. And when the time is sufficient for this, it matters not how brief it is. The human mind acts with celerity which it is sometimes impossible to measure; and whether a deliberate and premeditated design to kill was formed, must be determined from all the circumstances of the case."

*State v. Place*, 126 N.H. 613, 615–16, 495 A.2d 1253, 1255 (1985) (quoting *State v. Greenleaf*, 71 N.H. 606, 613–14, 54 A. 38, 42 (1902) (citation omitted)). "While the object of the requirement [of premeditation and deliberation] is to rule out action on sudden impulse, no particular period of premeditation and deliberation is required." *State v. Elbert*, 125 N.H. 1, 12, 480 A.2d 854, 860 (1984).

The evidence indicated that the defendant drove to Nashua armed with a knife. The two attacks occurred within approximately fifteen minutes of each other. The defendant, who concealed his knife, indicated his intention to kill uncooperative victims. Although the defendant may not have driven to Nashua with a particular victim in mind, the evidence of a premeditated and deliberate intent to kill *someone* is a sufficient basis for the jury's finding.

■ The defendant argues that the location and time of the crime, a crowded shopping center late in the afternoon, indicate that the homicide was not planned, because a crime committed in a crowded shopping plaza involves a high risk of being identified. Although the evidence that the assault occurred in a public place weighs against a finding of premeditation and deliberation, the evidence indicating premeditation and deliberation (including the fact that the defendant drove to Nashua armed with a knife, the earlier assault, and the concealment of the knife) is sufficient to sustain the verdict. We cannot say that no rational trier of fact could have found premeditation and deliberation.

## II. *Evidence of a Prior Assault*

The defendant next argues that the evidence relating to another offense, the assault which occurred immediately prior to the attack on the victim in this case, was improperly admitted at trial. The State introduced the evidence as probative of the defendant's "intent, . . . motive, and as a part of the res gestae [prior] to [the victim's] death." The indictment alleging the earlier offense was severed from the defendant's murder trial, and the defendant asserts that the evidence should have been excluded as more prejudicial than probative. We uphold the decision of the trial court.

■■ Evidence of a prior offense is inadmissible to show the disposition or character of the defendant, but is admissible for other purposes, such as proof of motive or intent. *See State v. Avery*, 126 N.H. 208, 213, 490 A.2d 1350, 1354 (1985); N.H. R. Ev. 404(b). Whenever such evidence is offered, opposing counsel may properly raise the issue whether the probative value of such evidence outweighs the prejudice to the defendant. *State v. Smith*, 125 N.H. 522, 525, 484 A.2d 1091, 1093–94 (1984).

The defendant argues that although the circumstances of the earlier assault resemble those of the victim's homicide, the prior incident "sheds no light on a possible motive or state of mind at the time of the alleged murder." On the contrary, the evidence of a similar assault within minutes of the murder was probative of the defendant's intent to stab uncooperative victims.

In *State v. Cantara*, 123 N.H. 737, 465 A.2d 887 (1983), we held that a conviction for harassment, after the defendant made threatening phone calls, was properly admitted to establish motive in a trial for criminal threatening. A limiting instruction given by the trial court, which directed the jury to consider the conviction only on the issue of the defendant's motive and state of mind, minimized any prejudice to the defendant. *Id.* at 739, 465 A.2d at 888. The trial court in this case instructed the jury to consider the evidence of the earlier assault only "to decide what the defendant's intent or motive may or may not have been at the times that the acts with which he is charged were committed."

Absent an abuse of discretion, we will uphold a decision of the trial court with respect to the admission of evidence. *State v. Hood*, 127 N.H. 478, 503 A.2d 781 (1985). The trial court's decision to admit evidence of a prior offense "will constitute an abuse of discretion only if 'clearly untenable or unreasonable to the prejudice of [the defendant's] case.'" *State v. Parker*, 127 N.H. 525, 503 A.2d 809 (1985) (quoting *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984)). The trial court's decision to admit the evidence of the prior assault was not clearly unreasonable, and we therefore hold that the trial court did not abuse its discretion.

### III. *The Insanity Rule*

First, the defendant contends that the New Hampshire rule that sanity is a question of fact for the jury violates due process, because no jury verdict of sanity is subject to appellate review. We recently held that the rule does not violate due process, in *State v. Abbott*, 127 N.H. 444, 503 A.2d 791 (1985), and therefore decline to further address this issue.

Second, the defendant asserts that the New Hampshire insanity rule violates the separation of powers doctrine because the legislature's responsibility to define criminal offenses is improperly delegated to the judicial branch by permitting juries to define the insanity defense. This argument is without merit.

The separation of powers doctrine mandates that the legislative, executive, and judicial branches of government remain separate from and independent of each other. N.H. CONST. pt. I, art.

37. This "requirement of the constitution is violated by an improper imposition upon one branch of constitutional duties belonging to another or an encroachment by one branch upon a constitutional function of another." *State v. LaFrance*, 124 N.H. 171, 176, 471 A.2d 340, 342 (1983). The legislature is charged with making the law, and the judiciary is responsible for interpreting and applying it. *State v. Farrow*, 118 N.H. 296, 305, 386 A.2d 808, 814 (1978). "To avoid the charge of unlawfully delegated legislative power, the statute must lay down basic standards and a reasonably definite policy for the administration of the law." *Union School District v. Comm'r of Labor*, 103 N.H. 512, 516, 176 A.2d 332, 335 (1961) (citation omitted).

The legislature has defined the insanity defense in RSA 628:2, II (Supp. 1983): the test for criminal insanity is whether insanity negated criminal intent. The legislature did not establish a specific test or criterion for determining insanity, but continued to characterize the determination as a factual one for the jury. Insanity tests are "all clearly matters of evidence, to be weighed by the jury upon the question whether the act was the offspring of insanity: if it was, a criminal intent did not produce it; if it was not, a criminal intent did produce it, and it was crime." *State v. Jones*, 50 N.H. 369, 398–99 (1871).

This court has long recognized the difficulty of defining insanity. The legislature properly entrusted the determination of insanity to the jury, and the failure to delineate a legal standard concerning this factual question is not an unconstitutional delegation of legislative authority. We find no error, and therefore affirm.

*Affirmed.*

All concurred.