# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0539, State of New Hampshire v. Michael Messina, the court on August 22, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The defendant, Michael Messina, appeals his conviction, following a jury trial in Superior Court (Brown, J.), on charges of: (1) allowing his property to be used for prostitution, involving a minor (victim), see RSA 645:2 (Supp. 2015); (2) common nuisance for allowing his property to be used by drug-dependent persons for the purpose of using drugs, see RSA 318-B:16 (2011); (3) endangering the welfare of a child, see RSA 639:3 (2007); and (4) interfering with custody, see RSA 633:4 (Supp. 2015). He contends that the trial court erred by admitting: (1) photographs of, and testimony describing, the basement of his apartment in which the victim was discovered and the prostitution took place; and (2) extrinsic evidence of a prior inconsistent statement by the victim's mother when the mother was not given an opportunity to explain or deny the statement, see N.H. R. Ev. 613(b).

The decision to admit evidence is within the trial court's discretion. State v. Palermo, 168 N.H. 387, 391 (2015). In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made. Id. To show an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id.

We first address whether the trial court erred by admitting the photographs of and testimony describing the basement. Two of the photographs showed the location in which the police found the victim hiding. The third showed a portion of the basement floor. In the course of testifying as to how he discovered the victim, an investigating police officer described the condition of the basement briefly. The victim and another witness testified that most of their acts of prostitution took place in the basement.

The defendant argues that the photographs and testimony were not relevant because "none of the charges required the State to prove that the basement's conditions were disgusting or unsanitary." See N.H. R. Ev. 401 (stating evidence is relevant if it tends to make existence of any fact of

consequence to determination of action more probable). However, the presence of drug paraphernalia littering the basement floor was relevant to the charge that the property was used for drug-taking. The presence of used condoms was relevant to the charge that the property was used for prostitution. The fact that the used condoms did not carry the victim's DNA did not preclude the inference that prostitution took place in the basement, which supported the victim's testimony that she engaged in prostitution there. The drug paraphernalia, used condoms, dog feces, and general condition of the property were relevant to the charge of child endangerment. The photographs and description of where the victim was found hiding were relevant to the charge of interference with custody.

The defendant argues that the probative value of the evidence was outweighed by the risk of unfair prejudice because the condition of his basement "tended to dehumanize him in the eyes of the jury," tended "to inflame the jury's passions and provoke its instinct to punish," and "overwhelmed the jury's capacity to focus on the merits of [his] mens rea defense." See N.H. R. Ev. 403. Unfair prejudice is not mere detriment to a defendant from the tendency of the evidence to prove guilt. State v. Nightingale, 160 N.H. 569, 574 (2010). Rather, the prejudice required to predicate reversible error is an undue tendency to induce a decision against the defendant on some improper basis, commonly one that is emotionally charged. Id. Among the factors we consider in weighing the evidence are: (1) whether the evidence would have a great emotional impact upon a jury; (2) its potential for appealing to a juror's sense of resentment or outrage; and (3) the extent to which the issue upon which it is offered is established by other evidence, stipulation, or inference. Id. at 574-75.

The trial court is in the best position to gauge the prejudicial impact of particular testimony, and what steps, if any, are necessary to remedy that prejudice. Id. at 575. Thus, we give the trial court broad latitude when ruling on the admissibility of potentially unfairly prejudicial evidence. Id.

In this case, we cannot say that the evidence of the condition of the basement was likely to have a greater emotional impact upon the jury than the evidence showing that the defendant allowed his property to be used for prostitution involving the fourteen-year-old victim. See id. (stating evidence defendant sold detective Oxycontin when he originally sought to purchase cocaine was not likely to have greater emotional impact on jury than charged sale of Oxycontin). To the extent that the defendant argues that the State could have established the same points through witness testimony and introduction of the drug paraphernalia and condoms, this does not establish that the trial court erred by admitting the photographs. See State v. Cantara, 123 N.H. 737, 739 (1983) (stating no requirement prior conviction be excluded simply because other evidence may be available on same issue).

Accordingly, we cannot conclude that the trial court's decision to admit the photographs and testimony describing the basement was unreasonable or untenable.  See Palermo, 168 N.H. at 391.

We next address whether the trial court erred by admitting extrinsic evidence of an inconsistent statement.  The State concedes error, but argues that it was harmless.  An error is harmless if the State can establish, beyond a reasonable doubt, that it did not affect the verdict.  State v. Pennock, 168 N.H. 294, 305 (2015).  To determine whether the State has met its burden, we consider the alternative evidence presented at trial and the character of the contested evidence.  Id.  An error may be harmless beyond a reasonable doubt if the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight and if the contested evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt.  Id. at 305-06.

In this case, the improperly admitted testimony was inconsequential.  Although the defendant argues that the testimony "tended to prove [his] consciousness of guilt, by showing that he feared the report of illegal activities in the home," the trial was replete with testimony that the defendant did not want the police in his apartment.  See id. at 306.  The defendant concedes that the testimony was admitted solely to impeach the victim's mother, but contends that "the distinction between the substantive and impeachment uses of . . . the statement . . . [was] so subtle as to be microscopic" and that "the jury would not be able to follow the instruction" to consider it for impeachment purposes only.  However, we presume that juries follow instructions.  State v. Cooper, 168 N.H. 161, 171 (2015).

Furthermore, the alternative evidence of the defendant's guilt was overwhelming.  An investigating police officer testified that the defendant admitted that:  (1) people staying in his apartment "were involved in prostitution and drug use"; (2) he knew that the victim was posting advertisements on-line for "dates" and performing "massages or body rubs"; (3) he heard the victim and another person living in the apartment discussing "how they got so much money off this guy"; and (4) he knew the victim used her money to purchase drugs and sometimes gave him money to obtain them.  The victim testified that:  (1) she went to the defendant's apartment when she ran away from her foster placement; (2) she would hide when the police came; (3) she did not attend school while living with the defendant; (4) she used drugs with the defendant and others living in his apartment; (5) she performed sexual acts in the apartment's basement in return for money; (6) she gave the defendant money that she earned by means of prostitution; and (7) she told the defendant that she was engaged in prostitution.  Another person living in the defendant's apartment testified that:  (1) she, the victim, and others engaged in prostitution and drug use in the apartment; (2) the victim and others used drugs with the defendant; (3) shortly after she moved in,

she asked the defendant not to disturb her because she had a client; and (4) the defendant told the victim to hide when the police came.

The defendant argues that the improper impeachment testimony "could lead [the jury] more generally to doubt the credibility of any testimony [the mother] gave that exculpated, or failed to incriminate," him. However, the mother testified that: (1) the victim moved in with the defendant as soon as she ran away from the foster placement; (2) the trial court had ordered the defendant to contact the police if he knew where the victim was, but he failed to do so; (3) many people, including she and the victim, used drugs at the defendant's apartment; and (4) she confronted the defendant about the victim's prostitution, but he did not call the police. Thus, any damage to the mother's credibility could have assisted the defendant.

Accordingly, we conclude that the State has established, beyond a reasonable doubt, that the erroneous admission of the impeachment testimony was harmless. See Pennock, 168 N.H. at 305.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**