# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0098, <u>State of New Hampshire v. Joshua Baud</u>, the court on February 15, 2017, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Joshua Baud, appeals an order of the Superior Court (<u>Garfunkel</u>, J.) denying his motion to reconsider and reduce his sentence. On appeal, the defendant argues that the trial court erred in ruling that it could not reconsider his sentence based upon its determination that the "plain language" of former Superior Court Criminal Rule 59-A (repealed January 20, 2016, and replaced by New Hampshire Rule of Criminal Procedure 43) (hereinafter referred to as Rule 59-A) "does not authorize the [trial] court to simply take a second look at its prior [sentencing] decision." We reverse and remand.

This is the second appeal involving the defendant's sentence. We decided his first appeal in an unpublished order. <u>See</u> <u>State v. Baud</u>, No. 2014-0682, 2015 WL 11071589 (N.H. Dec. 22, 2015). The following facts derive from either our unpublished order or the record submitted in this appeal.

In June 2014, the defendant was convicted by a jury on two counts of aggravated felonious sexual assault. <u>See</u> RSA 632-A:2, I(l), II (2016); <u>see</u> <u>also</u> <u>Baud</u>, 2015 WL 11071589, at *1. On September 26, 2014, the trial court sentenced him on the two counts. <u>Baud</u>, 2015 WL 11071589, at *1. On the first count, the court sentenced the defendant to "10 to 20 years in prison with 2 ½ years suspended on the minimum and 5 years suspended on the maximum on the condition that he successfully complete all sexual offender treatment recommended by the Department of Corrections." On the second count, the court sentenced the defendant to "10 to 20 years suspended on the condition of good behavior for a period of 15 years."

Four days later, the trial court notified the parties in chambers that it had concluded that the sentence it had imposed was "inappropriately high." <u>Id</u>. (quotation omitted). The trial court explained that it had "thought critically about the case, extensively reviewed the parties' materials and arguments, reflected on its experience in other sexual assault cases and reconsidered and balanced the three goals of sentencing as applied to the defendant's case." <u>Id</u>. (quotation, ellipsis, and brackets omitted). The trial court informed the parties that it intended to reduce the length of the stand committed portion of the defendant's sentence on the first count and to reduce the term of suspension of

his sentence on the second count.  Baud, 2015 WL 11071589, at *1.  The trial court then scheduled a hearing for resentencing.  Id.

Before the resentencing hearing took place, the State filed a motion in which it argued that the trial court lacked authority to amend a valid sentence.  Id.  The defendant countered that, under the circumstances, the trial court had the inherent power to reduce his sentence after it was imposed.  Id.  The defendant also filed a timely motion for reconsideration and reduction of his sentence, id., arguing that the trial court had not properly balanced "his minimal prior record, the fact that this was a single incident, and the severity of [his] conduct in relation to other [aggravated felonious sexual assaults]."  (Quotation omitted.)

Following a hearing, the trial court ruled that "its contemplated action of reducing the defendant's sentence would exceed the scope of the court's common law authority, and that it did not have authority to exercise jurisdiction to reduce the defendant's sentence."  Id. (quotations, brackets, and ellipsis omitted).  The trial court also concluded that it did not have authority under Rule 59-A to reconsider and reduce the defendant's sentence.  Id.  Therefore, the September 26 sentencing order remained in effect.  Id.

On appeal, we concluded that the trial court erred when it ruled that it lacked the authority under Rule 59-A to reconsider the defendant's sentence.  Id.  We explained that there was "nothing in the language of Rule 59-A that bars a defendant from seeking reconsideration of his or her sentence, or deprives a trial court of authority to rule upon a motion to reconsider a sentence."  Id. at *2.  We further explained that we had issued opinions in many cases in which a defendant filed, and the trial court ruled upon, a motion for reconsideration of the defendant's sentence.  Id. (citing cases).

On remand, the defendant argued that, although the trial court had not overlooked or misapprehended any isolated point of fact or law, it had erred in its legal analysis by overlooking the proper balancing of the facts and circumstances of this case.  The trial court disagreed with the defendant "that such conduct constitutes a misapprehension or overlooking of a point of law or fact under Rule 59-A."

It explained that, although it had previously determined that it had improperly "balanced the goals of sentencing," in reaching that conclusion, it had simply "reapplied the goals of sentencing to the same facts adduced at the original sentencing hearing" and had come "to a different conclusion."  (Quotations and brackets omitted.)  According to the trial court, "[r]eapplying the same, correct legal standard to the same set of facts and reaching a different conclusion involves a change in how the court exercised its discretion" and "is distinguishable from a situation where a court misapprehends, misapplies, or overlooks the application of law to facts."  The court determined

2

that "[t]he plain language of Rule 59-A does not authorize the court to simply take a second look at its prior decision." On this ground, the trial court denied the defendant's motion for reconsideration. This appeal followed.

We review the trial court's interpretation of its authority under Rule 59-A de novo. See Lillie-Putz Trust v. Downeast Energy Corp., 160 N.H. 716, 722 (2010). Rule 59-A provides, in pertinent part, that a motion for reconsideration "shall state, with particular clarity, points of law or fact that the Court has overlooked or misapprehended." Although Rule 59-A was repealed in January 2016, the rule that replaced it—New Hampshire Rule of Criminal Procedure 43—contains identical language. See Super. Ct. Crim. R. 43.

Nothing in the plain language of the rule precludes a trial court from applying "the same law to the same facts" to address a defendant's motion to reconsider his sentence. For instance, in State v. Lavallee, 119 N.H. 207 (1979), the trial court did just that. In Lavallee, in response to the defendant's motion to reconsider his sentence, the trial court reaffirmed its finding that extended imprisonment term provisions applied because of the defendant's prior criminal record and because he "manifested exceptional cruelty and depravity in inflicting serious bodily injury on the victim." Lavallee, 119 N.H. 213 (quotation omitted).

Thus, the trial court in this case was mistaken when it concluded that "[t]he plain language of Rule 59-A does not authorize the court to simply take a second look at its prior decision." This is not to say that, upon reconsidering a sentence, the trial court must grant a defendant relief. It is only to say that Rule 59-A authorizes a trial court to review its sentencing decision, including, as in this case, determining whether a reduced sentence is warranted because the court may have improperly applied or balanced sentencing factors. In the instant case, therefore, the trial court erred when it denied the defendant's motion to reconsider and reduce his sentence on the ground that it was not authorized to do so under Rule 59-A.

Reversed and remanded.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

3